UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BOBBY JO JOHNSON, JR.,

        Petitioner,

      v.                                        Case No. 20-C-232

SUSAN NOVAK,

        Respondent.

## SCREENING ORDER

On February 13, 2020, Petitioner Bobby Jo Johnson, Jr., who is currently incarcerated at Columbia Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Milwaukee County Circuit Court of one count of second-degree reckless homicide with use of a dangerous weapon as a party to the crime and one count of felon in possession of a firearm. He was sentenced to twenty years of initial confinement and ten years of extended supervision for the second-degree reckless homicide count and five years of initial confinement and five years of extended supervision for the felon in possession count, to be served consecutive to the second-degree reckless homicide count. Petitioner claims he is entitled to federal relief under § 2254 because his conviction resulted from violations of rights guaranteed by the United States Constitution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed,

> the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state court remedies. Here, it is clear from the petition and its attachments, in particular, the thorough decision of the Wisconsin Court of Appeals affirming his conviction, that Petitioner is not entitled to relief under § 2254. Petitioner asserts two grounds for relief: (1) trial counsel provided ineffective assistance in failing to investigate and call potential exculpatory witnesses and (2) newly discovered evidence supports his innocence. The court will address each in turn, but first it is necessary to acknowledge the standard of review that applies to petitions for federal relief under § 2254.

**A. AEDPA Standard of Review**

This petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254. Under AEDPA, a federal court may grant habeas relief only when a state court's decision on the merits was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by" decisions from the Supreme Court, or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Woods v. Donald*, 575 U.S. 312, 315–16 (2015). A state court decision is "contrary to . . . clearly established Federal law" if the court did not apply the proper legal rule, or, in applying the proper legal rule, reached the opposite result as the Supreme Court on "materially indistinguishable" facts. *Brown v. Payton*, 544 U.S. 133, 141 (2005). A state court decision is an "unreasonable application of . . . clearly established federal law" when the court applied Supreme Court precedent in "an objectively unreasonable manner." *Id.* Finally, a state court decision is "based on an unreasonable determination of the facts in light

of the evidence presented in the State court proceeding" when it is so clearly incorrect that it would not be debatable among reasonable jurists. *Brumfield v. Cain*, 576 U.S. 305, 135 S. Ct. 2269, 2277 (2015) ("If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's . . . determination.") (internal quotations and brackets omitted). The determination of a factual matter made by a state court is presumed to be correct, and that presumption can be overcome only by clear and convincing evidence. § 2254(e)(1); *Janusiak v. Cooper*, 937 F.3d 880, 888 (7th Cir. 2019) ("The petitioner must show by clear and convincing evidence that the findings were unreasonable.").

This is, and was meant to be, an "intentionally" difficult standard to meet. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington*, 562 U.S. at 103).

**B.  Ineffective Assistance of Counsel**

First, Petitioner asserts that trial counsel provided ineffective assistance in failing to investigate and call four potential exculpatory witnesses. A claim of ineffective assistance of trial counsel is governed by well-established law set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, the petitioner must show that (1) counsel's representation was deficient in that it fell below an objective standard of reasonableness and (2) counsel's deficient performance deprived the defendant of a fair trial. *Id.* at 687–88. A petitioner satisfies the first prong if he demonstrates that "counsel's representation

3

fell below an objective standard of reasonableness." *Id.* To satisfy the second prong, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particularized act or omission of counsel was unreasonable." *Id.* at 689. For this reason, the Supreme Court has made clear that "judicial scrutiny of counsel's performance must be highly deferential." *Id.* That is, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and that "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

In support of his claim of ineffective assistance of his trial counsel, Petitioner provided four statements obtained from an investigator after his conviction from four witnesses he claims he told his attorney about before trial. According to their statements, each witness was present at the scene, provided exculpatory information in favor of Petitioner, and was available to testify at the trial. Petitioner claimed that his trial attorney's failure to call these witnesses at trial amounts to ineffective assistance.

The trial court denied Petitioner's motion for postconviction relief without a hearing, noting it failed to allege sufficient facts that, if true, would entitle him to relief. Citing the Wisconsin Supreme Court's decisions in *State v. Balliete*, 2011 WI 79, ¶ 18, 336 Wis. 2d 358, 805 N.W.2d 334, and *State v. Allen*, 2004 WI 106, ¶ 23, 274 Wis. 2d 568, 682 N.W.2d 433, the court concluded that Petitioner had failed to set forth sufficient material facts to allow it to

4

meaningfully assess his claim, namely, the who, what, when, where, why, and how. Dkt. No. 1-1 at 30–31.

The Wisconsin Court of Appeals affirmed. Citing *Strickland*, the Wisconsin Court of Appeals conducted a thorough analysis of the evidence adduced at trial and concluded that Petitioner failed to provide sufficient supporting facts to demonstrate that there is a reasonable probability that a different result would have occurred at trial if Daniel White, Alexandria Stokes, Tateanna Beasley, and Bridgette Beasley had testified at trial. *State v. Johnson*, 2019 WI App 26, ¶ 57, 387 Wis. 2d 685, 928 N.W.2d 808. The court noted that Petitioner provided nothing more than conclusory statements from these witnesses that they did not see Petitioner in possession of a gun and that there is insufficient information to assess their statements because they do not indicate the proximity of the witnesses to Petitioner at pertinent times or the duration of their interactions with Petitioner at pertinent times. The court also found that their statements provide "scant support" for Petitioner's contention that Harrington fired shots into the Franklin residence from the south side of the house. *Id.* at ¶ 67. The court rejected Petitioner's argument that the purported witnesses' statements created doubt about whether Petitioner and Harrington were acting in concert as underdeveloped and concluded that with or without the testimony of the purported witnesses, the jury had strong evidence to convict Petitioner of second-degree reckless homicide with a dangerous weapon as a party to the crime. In sum, the court concluded Petitioner had failed to allege facts that if true were sufficient to show that he was prejudiced by a failure to call these persons at trial.

It is clear from the state court decisions that Petitioner's claim of ineffective assistance was decided on state procedural grounds and thus federal relief is barred. As the court explained in *Lee v. Foster*, "a claim will be procedurally defaulted—and barred from federal review—if the

5

last state court that rendered judgment 'clearly and expressly' states that its judgment rests on a state procedural bar." 750 F.3d 687, 693 (7th Cir. 2014) (citing *Harris v. Reed*, 489 U.S. 255, 263 (1989)). In *Lee*, the court held that the rule set forth by the Wisconsin Supreme Court in *State v. Allen*, requiring specific allegations of fact needed to show relief in order to obtain an evidentiary hearing, is an adequate and independent state law basis that precludes federal review under § 2254. The court explained:

> The rule requires a petitioner to provide sufficient material facts, "e.g., who, what, where, when, why, and how-that, if true, would entitle him to the relief he seeks." *Allen*, 682 N.W.2d at 436. Lee contends that the level of specificity in his postconviction motion—as an incarcerated defendant who was purportedly represented by ineffective counsel at both the trial and appellate levels—should be sufficient to withstand review under the *Allen* rule. Yet our review of the adequacy of a state ground is limited to whether it is a firmly established and regularly followed state practice at the time it is applied, not whether the review by the state court was proper on the merits. And the *Allen* rule is a well-rooted procedural requirement in Wisconsin and is therefore adequate. *See, e.g.*, *State v. Negrete*, 343 Wis. 2d 1, 819 N.W.2d 749, 755 (2012); *State v. Balliette*, 336 Wis. 2d 358, 805 N.W.2d 334, 339 (2011); *State v. Love*, 284 Wis. 2d 111, 700 N.W.2d 62, 68–69 (2005); *State v. McDougle*, 347 Wis. 2d 302, 830 N.W.2d 243, 247–48 (Ct. App. 2013). Consequently, we find the state procedural requirement relied upon by the Wisconsin Court of Appeals both independent and adequate. Lee's ineffective assistance claim is procedurally defaulted.

*Id.* at 693–94.

While a procedural default can be excused if a petitioner can show cause and prejudice or that failure to review the claim would result in a miscarriage of justice, there is no need to offer Petitioner an opportunity to make such a showing here. For even if Petitioner's claim was not barred, the result would be the same. It is clear from a review of the decision of the Wisconsin Court of Appeals that the state court decision is neither contrary to nor an unreasonable application of clearly established federal law. And nothing in the petition suggests that the state court's factual determinations were unreasonable in light of the evidence presented. Petitioner's ineffective assistance of counsel claim must therefore be dismissed.

**C. Newly Discovered Evidence**

Petitioner also asserts that he was entitled to an evidentiary hearing on his newly discovered evidence claim. Petitioner claims that he discovered new evidence in the form of a sworn statement by Harrington in which he recanted his trial testimony and claimed that he fired the shots that killed Rhodes, not Petitioner. The Wisconsin Court of Appeals concluded that Petitioner failed to provide newly discovered evidence corroborating Harrington's statement. It explained:

> To obtain an evidentiary hearing on a motion for a new trial on the basis of newly discovered evidence, the defendant first "must show specific facts that are sufficient by clear and convincing proof" to demonstrate that: "(1) the evidence was discovered after conviction; (2) the defendant was not negligent in seeking the evidence; (3) the evidence is material to an issue in the case; and (4) the evidence is not merely cumulative." [*State v. McAlister*, 2018 WI 34, ¶ 31, 380 Wis. 2d 684, 911 N.W.2d 77]. The State concedes that Harrington's statement satisfies the four initial criteria for newly discovered evidence.
>
> Where a claim of newly discovered evidence is based on a recantation, the defendant faces an additional requirement. Because "[r]ecantations are inherently unreliable," the defendant must corroborate the recantation with additional newly discovered evidence. *Id.* ¶ 33 (alteration in original) (quoting *State v. McCallum*, 208 Wis. 2d 463, 476, 561 N.W.2d 707 (1997)). To corroborate the recantation, the defendant must present newly discovered evidence that: "(1) there is a feasible motive for the initial false statement; and, (2) there are circumstantial guarantees of the trustworthiness of the recantation." *Id.* (quoting *McCallum*, 208 Wis. 2d at 478).

*Id.* at ¶¶ 38–39. The court found that Petitioner failed to present a newly discovered feasible motive for Harrington's trial testimony and affirmed the circuit court's denial of Petitioner's newly discovered evidence claim without an evidentiary hearing. *Id.* at ¶ 44.

Petitioner asserts he should have been granted a new trial because he satisfied the first four requirements articulated in *McAlister*. Whether the Wisconsin Court of Appeals ought to have found that Petitioner was entitled to a new trial is a challenge to state law, rather than to federal or constitutional law. Petitioner points to no federal laws or constitutional provisions that were

7

violated based on the Wisconsin Court of Appeals' conclusion that Petitioner failed to provide newly discovered evidence corroborating Harrington's statement. The Wisconsin Court of Appeals found that Petitioner failed to meet his burden under state law and its decision does not reference federal law. Because this is an issue of state law and Petitioner's claim does not implicate federal or constitutional law, this claim is not appropriate for federal habeas relief. The petition will be dismissed for lack of merit on all claims.

**IT IS THEREFORE ORDERED** that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases, and the clerk is directed to enter judgment dismissing the case. A certificate of appealability will be denied. I do not believe that reasonable jurists would believe that Petitioner has made a substantial showing of the denial of a constitutional right.

Petitioner is advised that the judgment entered by the Clerk is final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4.

Dated at Green Bay, Wisconsin this 31st day of March, 2020.

                                                                    s/ William C. Griesbach
                                                                    William C. Griesbach, District Judge
                                                                    United States District Court